FILED
CLERK, U.S. DISTRICT COURT
APR - 2 2019
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scottsdale Insurance Company,<br><br>　　Plaintiff,<br><br>　　v.<br><br>Dickstein Shapiro LLP; Certain Underwriters at Lloyd's, London, including Brit UW Limited for and on behalf of Lloyd's Syndicate 2987, Beazley Furlonge Ltd. for and on behalf of Lloyd's Syndicate 2623, Beazley Furlonge Ltd. for and on behalf of Lloyd's Syndicate 0623, Faraday Capital Limited for and on behalf of Lloyd's Syndicate 0435, Amlin Underwriting Limited for and on behalf of Lloyd's Syndicate 2001, and Renaissance Re Group for and on behalf of Lloyd's Syndicate 1458; Lexington Insurance Company; and Swiss Re International SE – Zurich,<br><br>　　Defendants. | Case No. 18-cv-02893-SVW-GJS<br><br>[~~PROPOSED~~] JUDGMENT<br><br>Hon. Stephen V. Wilson |

| | |
|---|---|
| 1 | Dickstein Shapiro LLP, |
| 2 |     Counter and cross-claimant, |
| 3 |     v. |
| 4 | Scottsdale Insurance Company, |
| 5 |     Counter-defendant, |
| 6 |     and |
| 7–14 | Certain Underwriters at Lloyd's, London, including Brit UW Limited for and on behalf of Lloyd's Syndicate 2987, Beazley Furlonge Ltd. for and on behalf of Lloyd's Syndicate 2623, Beazley Furlonge Ltd. for and on behalf of Lloyd's Syndicate 0623, Faraday Capital Limited for and on behalf of Lloyd's Syndicate 0435, Amlin Underwriting Limited for and on behalf of Lloyd's Syndicate 2001, and Renaissance Re Group for and on behalf of Lloyd's Syndicate 1458; Lexington Insurance Company; and Swiss Re International SE – Zurich, |
| 15 |     Cross-defendants. |
| 16–23 | Certain Underwriters at Lloyd's, London, including Brit UW Limited for and on behalf of Lloyd's Syndicate 2987, Beazley Furlonge Ltd. for and on behalf of Lloyd's Syndicate 2623, Beazley Furlonge Ltd. for and on behalf of Lloyd's Syndicate 0623, Faraday Capital Limited for and on behalf of Lloyd's Syndicate 0435, Amlin Underwriting Limited for and on behalf of Lloyd's Syndicate 2001, and Renaissance Re Group for and on behalf of Lloyd's Syndicate 1458; Lexington Insurance Company; and Swiss Re International SE – Zurich, |
| 24 |     Counter-claimants, |
| 25 |     v. |
| 26 | Scottsdale Insurance Company, |
| 27 |     Counter-defendant. |
| 28 | |

The Court, having granted in part and denied in part the cross-motions for summary judgment of Plaintiff and Counter-Defendant Scottsdale Insurance Company ("Scottsdale") and of Defendants and Counter-Plaintiffs Certain Underwriters at Lloyd's, London, including Brit UW Limited for and on behalf of Lloyd's Syndicate 2987, Beazley Furlonge Ltd. for and on behalf of Lloyd's Syndicate 2623, Beazley Furlonge Ltd. for and on behalf of Lloyd's Syndicate 0623, Faraday Capital Limited for and on behalf of Lloyd's Syndicate 0435, Amlin Underwriting Limited for and on behalf of Lloyd's Syndicate 2001, Renaissance Re Group for and on behalf of Lloyd's Syndicate 1458, Lexington Insurance Company, and Swiss Re International SE – Zurich (collectively "Underwriters") by its Order filed March 13, 2019 (Dkt. 178), hereby finds and enters this JUDGMENT as follows:

1. The Primary Claims Made and Reported Lawyers Professional Liability Insurance policy issued by Underwriters to Dickstein Shapiro LLP ("Dickstein"), identified as Policy No. B0621PKIC00212 (the "Primary Policy") for the period from December 20, 2012 to December 20, 2013, has been exhausted by the monies paid by the Underwriters to SFA Group, LLC ("SFA") pursuant to the Confidential Settlement Agreement and General Release executed on December 7, 2017 (the "SFA Settlement Agreement").

2. The First Excess Lawyers Professional Liability Insurance policy issued by the Underwriters identified as Policy No. B0621PDIC00312 (the "Underwriters First Excess Policy") is eroded by the SFA Settlement Agreement in an amount of $4,501,454.

3. The First Excess Lawyers Professional Liability Insurance Policy issued by Scottsdale, via its managing agent Huntersure LLC, identified as Policy No. B0621PDIC00312001 (the "Scottsdale First Excess Policy") and the Underwriters First Excess Policy (collectively, the "First Excess Policy") is the operative insurance policy for Dickstein's defense in the action against Dickstein styled, *Kevin R. McCarthy, as Chapter 7 Bankruptcy Trustee for Charles Taylor Muhs v.*

1

*Dickstein Shapiro LLC & Neal S. Barlia*, Index No. 58535/2017 (the "Muhs Action"). ~~Accordingly, Scottsdale owes Dickstein 29.38% of Dickstein's defense in the Muhs Action, to be paid within thirty (30) days of entry of this Judgment.~~

4. Underwriters are not entitled to any monetary contribution from Scottsdale for the amount of the SFA Settlement Agreement paid from Underwriters First Excess Policy, and to this extent Scottsdale prevails on Underwriters' claim for equitable contribution.

5. With respect to the competing claims of Scottsdale (*see* First Amended Complaint, Dkt. 14, ¶ 58) and Underwriters (*see* Counterclaim, Dkt. 54, ¶ 72]) concerning their respective responsibility for indemnity of Dickstein in the Muhs Action, the Court:

    [_] Enters Judgment in favor of Underwriters that Scottsdale is responsible for 29.38% of Dickstein's indemnity in the Muhs Action under the Scottsdale First Excess Policy; or

    [X] Determines that since the settlement of the Muhs Action has not yet been paid, this issue of indemnity is not adjudicated in this action and instead is left for resolution by the parties outside of this action.

6. The Court finds that as between Scottsdale and Underwriters, neither is a prevailing party, and that each will therefore bear their own costs, including attorney's fees if applicable.

7. The Court finds that Dickstein is a prevailing party as to Scottsdale, and in that regard is entitled to recovery of its costs in this action.

**IT IS SO ORDERED AND ADJUDGED.**

DATED: 4/2/19

Hon. Stephen V. Wilson
United States District Judge