FAISAL M. ZUBAIRI - SBN 244233
zubairi.faisal@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
Telephone:  (714) 800-1400
Facsimile:   (714) 800-1499

ROBERT CATTANACH (admitted pro hac vice)
cattanach.robert@dorsey.com
BRYAN C. KEANE (admitted pro hac vice)
keane.bryan@dorsey.com
CAITLIN L.D. HULL (admitted pro hac vice)
hull.caitlin@dorsey.com
EVAN LIVERMORE (admitted pro hac vice)
livermore.evan@dorsey.com
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (952) 516-5608

ATTORNEYS FOR SCOTTSDALE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Scottsdale Insurance Company,<br><br>            Plaintiff,<br><br>     vs.<br><br>Dickstein Shapiro LLP; Certain Underwriters at Lloyd's, London, including Brit UW Limited for and on behalf of Lloyd's Syndicate 2987, Beazley Furlonge Ltd. for and on behalf of Lloyd's Syndicate 2623, Beazley Furlonge Ltd. for and on behalf of Lloyd's Syndicate 0623, Faraday Capital Limited for and on behalf of Lloyd's Syndicate 0435, Amlin Underwriting Limited for and on behalf of Lloyd's Syndicate 2001, and RenaissanceRe Group for and on behalf of Lloyd's Syndicate 1458; Lexington Insurance Company; and Swiss Re International SE - Zurich,<br><br>            Defendants. | Case No. 18-CV-02893-SVW-GJS<br><br>**DECLARATION OF BRYAN C. KEANE SUPPORT OF SCOTTSDALE INSURANCE COMPANY'S MOTION FOR RECONSIDATION**<br><br>Judge:  Hon. Stephen V. Wilson<br><br>Hearing Date: May 13, 2019<br><br>Hearing Time: 1:30 p.m. |

I, Bryan C. Keane, hereby declare as follows:

1. I am an attorney at Dorsey & Whitney LLP and am admitted to appear in this matter *pro hac vice*. I am one of the attorneys for Plaintiff Scottsdale Insurance Company ("Scottsdale") in the above-captioned action. I submit this Declaration in support of Scottsdale's Motion for Reconsideration.

2. Scottsdale filed this suit against Defendants Certain Underwriters (including Lexington Insurance and Swiss Re) and Dickstein Shapiro (collectively, "Defendants") on April 6, 2018, and filed its First Amended Complaint for Declaratory Relief ("FAC") against Defendants on April 11, 2018.

3. By mutual agreement of the parties, the matter was not actively litigated until after the parties had an opportunity to discuss possible resolution in-person, which because of scheduling challenges did not occur until August 22, 2018. Pending the in-person meeting, the parties agreed that Certain Underwriters' deadline to answer the FAC would be deferred, as would discovery, to avoid unnecessary cost and expense. The in-person meeting on August 22, 2018 did not lead to a resolution of the dispute.

4. When the matter failed to resolve at that meeting, Scottsdale immediately served its Requests for Production of Documents upon Certain Underwriters on August 24, 2018, requesting a response within 30 days pursuant to Federal Rules of Civil Procedure 26 and 34.

5. In exchange for Scottsdale's agreement to further extend Certain Underwriters' time to answer the FAC, Certain Underwriters' prior counsel agreed that responses to the Scottsdale propounded discovery requests would be promptly forthcoming, with the production of documents commencing on a "rolling basis" by the formal response date of September 24, 2018. A true and correct copy of counsel's email chain on these topics was previously filed at **Dkt. 136-1**.

6. Certain Underwriters did not meaningfully begin to produce documents until October 22, 2018, however, and did not substantially complete their rolling production of documents until November 8, 2018, only days before a series of depositions were taken in London.

7. On November 1, 2018, prior to Certain Underwriters' completion of its production of documents, Scottsdale gave notice of its intent to depose Mr. Hettrick's counsel in the underlying Manhattan Beachwear litigation, Attorney Andrew Waxler.

8. Because of Mr. Waxler's scheduling demands, Scottsdale was unable to depose Mr. Waxler until November 20, 2018. At the deposition, Mr. Waxler testified that he received a copy of the *Manhattan Beachwear* complaint from a paralegal at Hettrick's office. A true and correct copy of excerpts from the deposition of Mr. Waxler was previously filed with Scottsdale's Opposition to Plaintiff's Motion for Summary Judgment, at **Dkt. 112-1**. True and correct copies of the subpoena duces tecum and the subpoena to testify at a deposition issued to Mr. Waxler on October 26, 2018, are attached hereto as **Exhibit 1**.

9. Before Mr. Waxler's deposition, Scottsdale had known only that the Complaint was filed on December 14, 2012, but not formally served until several months later.

10. Immediately following the deposition of Mr. Waxler, Scottsdale identified the paralegal that Mr. Waxler referred to but could not identify during his deposition as Kirsten Aiello. Scottsdale immediately made efforts to contact Ms. Aiello. On November 26, 2018, Ms. Aiello responded to Scottsdale's counsel. A true and correct copy of the email sent by the paralegal to my colleague, Robert Cattanach, was previously filed at **Dkt. 136-6**.

11. On November 28, 2018, Scottsdale issued a subpoena duces tecum to Ms. Aiello, seeking the production of documents supporting her disclosure. On December 10, 2018, Scottsdale issued a trial subpoena to Ms. Aiello. As Scottsdale

was informed in communications with the process server, despite multiple attempts at serving Ms. Aiello, she evaded service and refused to open her home door.

12. On November 30, 2018, the Estate of Clyde Hettrick responded to a subpoena duces tecum served on it by Scottsdale, producing documents that confirmed Hettrick's receipt of the *Manhattan Beachwear* complaint prior to December 20, 2012. True and correct copies of the Estate of Clyde Hettrick's written responses and objections to the subpoena and documents produced are attached hereto as **Exhibit 2**.

13. On December 6, 2018, Scottsdale issued a trial subpoena to Mr. Waxler, a true and correct copy of which is attached hereto as **Exhibit 3**.

14. On November 21, 2018—the day after the deposition of Mr. Waxler—Scottsdale advised counsel for Certain Underwriters by email that it appeared there were facts supporting, if not establishing, that the Hettrick claim attached to the prior policy period (2011-2012). A true and correct copy of that email is attached hereto as **Exhibit 4**.

I declare under penalty of perjury that the foregoing is true and correct.

April 15, 2019  /s/Bryan C. Keane
Date  Bryan C. Keane

# CERTIFICATE OF SERVICE

All Case Participants are registered for the USDC CM/ECF System

*Scottsdale Insurance Company v. Dickstein Shapiro LLP, et al.*
*Central District of California Case Number 18-CV-02893-SVW-GJS*

**DECLARATION OF BRYAN KEANE IN SUPPORT OF SCOTTSDALE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION**

I hereby certify that on April 15, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: /s/Bryan C. Keane
Bryan C. Keane